STROUD, Judge.
 

 *277
 
 Respondent appeals an adjudication and disposition order placing his son in the custody of the Cabarrus County Department of Human Services and ordering him to comply
 
 *724
 
 with certain conditions to gain custody. DSS presented no evidence regarding respondent beyond that
 
 *278
 
 supporting paternity, and the trial court made no substantive findings of fact about respondent other than those relevant to paternity. The trial court's findings and conclusions regarding the adjudication of neglect by the mother are not challenged on appeal. We affirm the adjudication of neglect, all portions of the order regarding the mother, and the adjudication of paternity, but we reverse the provisions of the order directing respondent to comply with the order's conditions and remand for entry of an order in compliance with respondent's constitutional and statutory rights as the minor child's father.
 

 I. Background
 

 In February of 2017, Sam
 
 [1]
 
 was born. Sam's mother identified Abel as his father and gave Sam Abel's last name. Because of mother's prior history with Cabarrus County Department of Human Services ("CCDHS") for her older child and her ongoing drug abuse, Sam could not be released to her custody. Abel initially said he would care for Sam but failed to show up when it was time for Sam's discharge from the hospital. Sam was placed with a family friend. In March of 2017, respondent contacted CCDHS; he reported that he may be Sam's father, and offered to care for him. In April of 2017, CCDHS filed a petition which identified both Abel and respondent as possible fathers, and alleged Sam was a neglected and dependent juvenile based upon mother's prior history with CCDHS and drug abuse; Sam was placed in non-secure custody. In May of 2017, a paternity test confirmed that respondent is Sam's father. In June of 2017, the trial court adjudicated Sam's paternity, adjudicated him as neglected based upon mother's drug abuse and other issues, and granted custody to CCDHS. CCDHS presented no evidence regarding respondent other than basic identification information and evidence to establish paternity.
 
 [2]
 
 The order-incorrectly titled as a consent order-ordered respondent to comply with the same eleven mandates as mother, including completing a substance abuse assessment, undergoing random drug testing, participating in parenting classes, and verifying that he had sufficient income. The order essentially makes no distinction between mother and respondent although all of the evidence addressed mother's issues, including her drug abuse, criminal history,
 
 *279
 
 and prior CCDHS involvement, with nothing presented about respondent, who had only been discovered as Sam's father in the prior month. Respondent appeals.
 

 II. Adjudication Order
 

 Respondent does not challenge the trial court's adjudication of paternity nor the adjudication of Sam as a neglected juvenile due to his mother's actions and thus we will not address those portions of the order and, they will remain in force. But respondent challenges the remainder of the order to the extent that it addresses him, particularly as to the trial court's determination that Sam should not be released to his custody and the conditions placed on respondent.
 
 All
 
 of respondent's challenges would require us to analyze whether the evidence supports the trial court's findings of fact and conclusions of law regarding respondent.
 
 See generally
 

 In re McCabe
 
 ,
 
 157 N.C. App. 673
 
 , 679,
 
 580 S.E.2d 69
 
 , 73 (2003) ("When an appellant asserts that an adjudication order of the trial court is unsupported by the evidence, this Court examines the evidence to determine whether there exists clear, cogent and convincing evidence to support the findings.")
 

 As respondent points out, there was a total lack of evidence regarding him at the adjudication hearing other than the evidence to establish paternity. Here, there is nothing for this Court to analyze as the record and order are devoid of evidence and findings of fact regarding respondent beyond establishing paternity. There was no evidence about
 
 *725
 
 respondent's ability to parent, his home life, his ability to provide for Sam, or any other evidence a trial court must consider before finding a parent unfit or determining custody. While CCDHS urges this Court to ignore respondent's rights as a father and instead consider Sam's best interests, even a determination of his best interests would require evidence about respondent.
 

 A natural parent may lose his constitutionally protected right to the control of his children in one of two ways: (1) by a finding of unfitness of the natural parent, or (2) where the natural parent's conduct is inconsistent with his or her constitutionally protected status. While this analysis is often applied in civil custody cases under Chapter 50 of the North Carolina General Statutes, it also applies to custody awards arising out of juvenile petitions filed under Chapter 7B.
 

 In re D.M.
 
 ,
 
 211 N.C. App. 382
 
 , 385,
 
 712 S.E.2d 355
 
 , 357 (2011) (citations, quotation marks, and brackets omitted). Our courts cannot presume a parent to be unfit or to have acted inconsistently with his constitutional
 
 *280
 
 rights as a parent without clear, cogent, and convincing evidence to demonstrate why the parent cannot care for his child.
 
 See
 
 id.
 

 ;
 
 see also
 

 McCabe
 
 ,
 
 157 N.C. App. at 679
 
 ,
 
 580 S.E.2d at 73
 
 . In
 
 D.M.
 
 , the minor child was only adjudicated as dependent and
 

 DSS's juvenile petition alleging dependency was based solely on the actions of Dana's mother and not respondent-father. Here, the trial court specifically found that neither parent is unfit to parent, and thus it could not award permanent custody to the maternal grandmother in the absence of findings of fact and conclusions of law that respondent-father had acted inconsistently with his constitutional rights as a parent. Because the trial court failed to make any findings of fact or conclusions of law as to whether respondent-father had acted inconsistently with his parental rights, it erred in awarding permanent custody to Dana's maternal grandmother. Accordingly, we reverse the 20 July 2010 order awarding custody of Dana to her maternal grandmother.
 

 Id.
 

 (citations, quotation marks, and brackets omitted).
 

 In summary, the trial court's adjudication of neglect and adjudication of respondent as father of Sam remain undisturbed. Mother did not appeal and all provisions of the order addressing mother remain in effect. We reverse the order to the extent that it mandates any action by respondent and grants custody to CCDHS. We remand this case for the trial court to enter a new order addressing respondent's rights and granting him custody unless DSS presents clear, cogent, and convincing evidence which would support another disposition. Upon request by any party, the trial court shall receive additional evidence on remand. Because we are reversing and remanding the order in its entirety as to respondent, other than the adjudication of paternity, we need not address respondent's other issues on appeal.
 

 III. Conclusion
 

 Because there was no evidence presented regarding respondent other than establishment of paternity and the trial court made no substantive findings of fact regarding him beyond paternity, we reverse the order to the extent that it requires any actions by respondent and grants custody to CCDHS. We affirm the adjudication of neglect and of paternity.
 

 AFFIRMED in part; REVERSED in part; REMANDED.
 

 Judges DAVIS and ARROWOOD concur.
 

 [1]
 

 We will use pseudonyms for the child as well as the man Sam's mother initially identified as his father in order to protect the identity of the minor child.
 

 [2]
 

 The reports by CCDHS provided to the district court addressed mother's circumstances at length but did not address respondent's circumstances or ability to care for the child at all. Despite the absence of any information about respondent, CCDHS recommended exactly the same plan and requirements for respondent as it did for mother. No additional information regarding respondent was presented in testimony at the hearing.